UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| 5-STAR BUILDING SOLUTIONS LLC | )<br>)<br>) |
| *Plaintiff* | )<br>)   CIVIL ACTION NO. |
| vs. | )<br>) _____ |
| BRIDGEWELL RESOURCES LLC | )<br>) |
| *Defendant* | )<br>)<br>) |

## COMPLAINT

COMES NOW 5-STAR Building Solutions, LLC, and files its Complaint against Defendant Bridgewell Resources, LLC, respectfully showing the Court as follows:

## THER PARTIES AND JURISDICTION

1. 5-STAR Building Solutions LLC ("5-STAR") is a Georgia limited liability company. Therefore, it is a citizen of every state of which its owners/members/partners are citizens. *Purchasing Power, LLC v. Blue Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). 5-STAR's sole Member is BLDR Holdings, LLC, a Georgia limited liability company, whose sole Member is Michael J. Colcombe, who is a citizen of Georgia.

2. 5-STAR is engaged in the business of providing turn-key construction framing services.

3. Defendant Bridgewell Resources, LLC ("Bridgewell") is an Oregon limited liability company. Therefore, it is a citizen of every state of which its owners/members/partners are citizens. *Purchasing Power, LLC v. Blue Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). Bridgewell's sole member/owner is Bridgewell Resources Holdings, LLC, a Delaware limited liability company with its principal place of business in Connecticut. Bridgewell Resources Holdings, LLC's sole member is Atlas FRM LLC, d/b/a Atlas Holdings LLC ("Atlas Holdings") a Delaware limited liability company with its principal place of business in Connecticut. Atlas Holdings' sole members/owners are Andrew M. Bursky and Timothy J. Fazio. Mr. Bursky is a resident of, and therefore a citizen of, either Florida or Connecticut. Mr. Fazio is a resident of, and therefore a citizen of, either Connecticut or Rhode Island.

4. Bridgewell is subject to the jurisdiction and venue of this Court. Process may be perfected by serving its registered agent, Capitol Corporate Services, Inc., 155 Office Plaza Drive, Suite A, Tallahassee, FL 32201.

5. Bridgewell is a wholesale distributor of specialty building products including wood framing materials.

6. This Court has subject matter jurisdiction of this action under to 28 U.S.C. § 1332 because: (i) the matter in controversy exceeds $75,000.00, exclusive of interest and costs as alleged in Paragraph 32, *infra*; (ii) complete diversity of citizenship exists between 5-STAR and Bridgewell as shown in Paragraphs 1 and 3, *supra*.

7. Venue is proper in this action under Paragraph 13 of the Purchase Order involved in this matter, which designates Orlando, Florida as the venue for any litigation which may arise under the Purchase Order.

8. This action involves Bridgewell's contractual commitment to furnish framing materials to 5-STAR for construction of Flamingo Crossing, a 3.83 million square foot student housing community in Winter Garden, Florida (the "Project"). Bridgewell breached its obligations to furnish those materials, causing damage to 5-STAR.

## FACTUAL BACKGROUND

9. The FaverGray Company ("FaverGray") is a Florida general contractor engaged in the construction of the Project.

10. On or about January 29, 2019, 5-STAR, entered into a subcontract with FaverGray, under which 5-STAR agreed to perform framing work for the Project.

11. In order to secure substantial faming material needed for the performance of work under the Subcontract, 5-STAR entered into a purchase order with Bridgewell dated February 19, 2019 ('the "Purchase Order"). Under the Purchase Order, Bridgewell agreed to furnish the materials listed on page 2 of the Purchase Order, at the prices and in the quantities set forth therein. A true and correct copy of the Purchase Order is attached hereto as Exhibit 1.

12. Paragraph 5, under "Notes" provides that the "unit pricing included herein shall be good for the duration of the Project."

13. Bridgewell and 5-STAR agreed to a "Purchase Order Addendum" with terms governing the purchase of materials set forth in the Purchase Order, which is attached to and forms a part of the Purchase Order.

14. Paragraph 1 of the Purchase Order Addendum provides, *inter alia*, as follows:

> Vendor shall have a minimum of (5) five business days from notice of violation or breach of any of the terms of this Agreement, rejection of non-conforming building materials, or notice of delivery delay and shall have the opportunity to cure, before Vendor shall be in breach of contract. If Vendor is unable to cure the breach within (5) five business days after notice, Purchaser's sole remedy shall be to (using commercially reasonable methods) purchase the Building materials elsewhere, and delete the quantities of those Building materials from the balance of Vendor's contract. Vendor will credit Purchaser for the difference between the Purchaser's actual purchase price and the Contract price.

15. Bridgewell agreed to provide the materials at the prices provided in the Purchase Order through the completion of the Project. Bridgewell and 5-STAR also agreed to Change Order 22, specifically extending the pricing through December 31, 2020.

16. Bridgewell, 5-STAR, and FaverGray entered into a Joint Payment Agreement, in order to assure Bridgewell of payment for the materials furnished pursuant to the Purchase Order. Under the Joint Payment Agreement, 5-STAR arranged for wire transfer payments which were made by FaverGray directly to Bridgewell on a weekly basis.

17. Under the Joint Payment Agreement, Bridgewell has been promptly and fully paid for all materials furnished to the Project.

18. Bridgewell wrote to 5-STAR on or about August 31, 2020, prior to completion of the Project, expressing concern that 5-STAR had moved material from the Project to other locations. A true and correct copy of Bridgewell's August 31 letter is attached hereto as Exhibit 2. At the time that Bridgewell sent this letter, Bridgewell had been paid in accordance with the Purchase Order for framing materials it furnished.

19. While the Purchase Order identifies the Project, the terms of the Purchase Order and Addendum do not prohibit 5-STAR from moving material from the Project.

20. 5-STAR moved certain materials from the Project to other locations during the course of its performance, when specific materials were not immediately needed, might suffer damage from prolonged storage, or other business reasons made such transfers appropriate based on the timing of the deliveries and to avoid waste of materials.

21. 5-STAR also moved material *to* the Project during its performance—material not furnished by Bridgewell. 5-STAR moved a greater quantity of materials to the Project than it has moved from the Project.

22. 5-STAR responded to Bridgewell's August 31 letter on the same day. 5-STAR placed Bridgewell on notice that Bridgewell's "unannounced suspension of shipments is a serious and material breach of the Purchase Order, and will cause substantial damage to 5-STAR. We request that Bridgewell immediately resume our shipments." A true and correct copy of 5-STAR letter of August 31, 2020 is attached hereto as Exhibit 3.

23. Bridgewell failed to resume shipments of material as required by the Purchase Order. Instead, on or about September 3, 2020, Bridgewell sent a letter to 5-Star

alleging that 5-STAR had materially breached the Purchase Order and stated that "we are terminating Purchase Order No. 13803 effective immediately."  Bridgewell's letter also ignored the efforts on the part of 5-STAR and FaverGray to address Bridgewell's stated concerns, and misrepresents that 5-STAR and FaverGray "have affirmed there will be no cure."  A true and correct copy of Bridgewell's termination letter dated September 3, 2020 is attached hereto as Exhibit 4.

24. On or about September 4, 2020, 5-STAR responded to Bridgewell's unilateral and wrongful termination.  5-STAR explained that Bridgewell's termination lacked merit, and stated:  "Based on Bridgewell's breach of the PO outlined in our previous correspondence, together with the wrongful termination of the PO, 5-STAR will seek and purchase the materials from other available sources, starting with the 34 truckloads urgently needed for Group 10. 5-STAR will hold Bridgewell accountable for all expenses and damages caused by your breach of contract, including increased cost of materials and damages due to the delays caused by your actions."  A true and correct copy of 5-STAR's September 4, 2020 letter is attached hereto as Exhibit 5.

25. Bridgewell failed and refused to resume shipments to 5-STAR or to withdraw its wrongful termination.

26. All conditions precedent to 5-STAR's recovery under the referenced Purchase Order have been performed or have been waived or excused by Bridgewell.

27. 5-STAR has engaged the undersigned counsel to prosecute this action and is entitled to recover its reasonable attorney's fees and court costs. Bridgewell is liable for these fees and costs pursuant to Paragraph 8 of the Purchase Order.

## COUNT 1 - BREACH OF CONTRACT

28. The allegations of Paragraphs 1 – 27 are hereby incorporated by reference as though fully set forth herein.

29. 5-STAR and Bridgewell entered into a valid contract, that being the Purchase Order.

30. Bridgewell materially breached its obligations with 5-STAR as set forth in the Purchase Order by its actions, including but not limited to the following:

(a) unilaterally suspending shipments of material requested by 5-STAR and provided for under the Purchase Order;

(b) wrongfully terminating the Purchase Order; and

(c) failing and refusing to furnish the materials in the quantities set forth in the Purchase Order.

31. Bridgewell failed to resume shipments to 5-STAR or to otherwise perform its obligations under the Purchase Order within 5 business days after notice by 5-STAR of its material breach of the Purchase Order.

32. 5-STAR has been damaged by Bridgewell's breach of contract and is entitled to recover from Bridgewell all of its damages, including (1) the increased cost of materials (over the Purchase Order cost of such materials) purchased by 5-STAR after the wrongful

termination by Bridgewell; and (2) costs and expenses resulting from delays caused by Bridgewell's breach of contract. 5-STAR has already incurred damages exceeding $500,000 as a result of Bridgewell's breach of contract, and its damages are continuing.

WHEREFORE, 5-STAR Building Solutions, LLC respectfully prays that the Court for all damages flowing from Bridgewell Resources, LLC's breach of contract and grant relief as follows:

(a) That 5-STAR have judgment against Defendant Bridgewell Resources, LLC in an amount exceeding $500,000, but which amount will be proven at trial, plus pre-judgment interest; and

(b) That 5-STAR recover its reasonable attorney's fees, costs, and expenses of litigation; and

(c) That 5-STAR be granted such other and further relief as the Court deems just and proper.

## COUNT 2 – ANTICIPATORY REPUDIATION

33. The allegations of Paragraphs 1-27 are hereby incorporated by reference as though fully set forth herein.

34. 5-STAR and Bridgewell entered into a valid contract, that being the Purchase Order.

35. Bridgewell, despite being paid for materials furnished, anticipatorily repudiated the contract by unilaterally suspending shipments of framing materials and then

notifying 5-STAR that it would not furnish any more framing materials pursuant to the Purchase Order.

36. At the time of Bridgewell's anticipatory repudiation, it had been paid and was being paid for all framing materials delivered pursuant to the Purchase Order, and 5-STAR was performing under the Purchase Order.

37. Bridgewell's anticipatory repudiation of its obligations under the Purchase Order constitutes a breach of contract entitling 5-STAR to damages including (1) the increased cost of materials (over the Purchase Order cost of such materials) purchased by 5-STAR after the breach by Bridgewell; and (2) costs and expenses resulting from delays caused by Bridgewell's breach of contract. 5-STAR has already incurred damages exceeding $500,000 as a result of Bridgewell's breach of contract, and its damages are continuing.

WHEREFORE, 5-STAR Building Solutions, LLC respectfully prays that the Court for all damages flowing from Bridgewell Resources, LLC's anticipatory repudiation serving as a breach of contract and grant relief as follows:

(a) That 5-STAR have judgment against Defendant Bridgewell Resources, LLC in an amount exceeding $500,000, but which amount will be proven at trial, plus pre-judgment interest; and

(b) That 5-STAR recover its reasonable attorney's fees, costs, and expenses of litigation; and

(c) That 5-STAR be granted such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff 5-STAR Building Solutions LLC demands a jury on all issues so triable.

This 5th day of November 2020.

/s/Richard J. Storrs
Richard J. Storrs
The Storrs Law Firm
2870 Peachtree Street, Suite 212
Atlanta, Georgia 30305
(404) 500-6302
rstorrs@storrslaw.com


KIRWIN NORRIS, PA


/s/ David Adelstein
David Adelstein
Fla. Bar. No. 647314
15 W. Church Street, Suite 301
Orlando, Florida 32801
(407) 740-6600
dma@krwinnorris.com